ANTOLINA GAJERO, Plaintiff and Appellee, *v.* ENRIQUE VALEDÓN MALDONADO, Defendant and Appellant.

No. 7699. Argued December 12, 1938.—Decided February 17, 1939.

322

*E. Huertas Zayas,* for appellant. *R. Atiles Moréu,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

On November 21, 1935, by public deed No. 178 executed before notary public Felipe Colón Díaz, plaintiff-appellee sold to appellant a certáin farm of 203 *cuerdas,* which is described in the bill of complaint, for the agreed price of $10,000 and seventy shares of the Federal Land Bank for $350. Of the $10,350, amount of the two sales, the purchaser kept in his possession an amount to pay off certain liens on the property, such as mortgages, taxes, etc., and he deducted $661, in which amount the value of the last crop raised by the vendor was estimated, which the parties agreed should belong to the purchaser, since the crop had been collected after negotiations had been entered into for the sale of the farm. After these deductions had been made, the purchaser owed the vendor, from the purchase price of the farm and shares of the Federal Land Bank, the amount of $2,664.68, which he bound himself to pay as follows: $400.00 each December, beginning in the year 1936, with interest at 5% per annum, *interest payable with each installment of the principal,* and with the additional condition that if for any circumstance *defendant could not pay a due installment of $400,* payment would be extended for another year but "*he must pay the*

*interest on that due installment*", and the following year he should pay at least one of the two installments due and interest, until the full amount of the debt is paid.

The fifth clause of the aforesaid deed No. 178 states as follows:

"It is hereby explained that though among the liens there is a promissory note to bearer guarantee with mortgage for the sum of $397.81, it was agreed when it was made that Mrs. Gajero owed $755.72, and that she would pay one-half of this amount with the coffee crop not later than by the end of the coming December, which should be strictly complied with; and the amount of the note on the last day of December, 1936, but if *for any reason she does not pay and Mr. Valedón has to do it, he shall deduct said payment from what he owes her.*"

To guarantee the payment of the principal and an additional credit of $200 for attorney's fees, expenses and costs, the appellant purchaser executed a voluntary mortgage in favor of the vendor appellee on the farm of 203 *cuerdas* subject of the contract of sale and on another property of thirty *cuerdas* and 3,603 meters of the purchaser, each and both of the farms being liable for the entire amount owed, as well as the additional credit for interest, costs, expenses and attorney's fees in case of foreclosure. Besides that which appears in the fifth clause copied above, the following was also a condition of said mortgage: That in case of nonpayment of two installments as agreed upon, or of *the interest corresponding to one year*, in either case, the mortgage would become due and the creditor would be able to proceed judicially to collect whatever was owing to her as principal and interest, as well as costs, expenses and attorney's fees.

Later, by deed No. 56 of April 24, 1936, before the same notary public Colón Díaz, the aforesaid deed No. 178 was modified by substituting another property of eighteen *cuerdas* of the purchaser for the farm of thirty *cuerdas*. This other property was subject to a first mortgage in favor of the Hurricane Relief Commission of Puerto Rico, for the

sum of $1,000. It was also agreed upon in said deed No. 56 that plaintiff should credit defendant with the amount of $150, the debt being so reduced to $2,514.68, and this total amount was guaranteed by the property of 203 *cuerdas* and by the aforesaid property of 18 *cuerdas*.

Besides the liens created by the contract of sale, defendant-appellant issued a promissory note to the order of appellee for the sum of $460, due on March 30, 1937, in which the following is set forth: "I promise to pay the amount of this note with at least ten quarts of milk which I bind myself to deliver daily for a price of 10¢ a quart until the note is paid in full."

Between the months of November, 1935, and October, 1936, appellant delivered milk to the appellee for the sum of $184.79, there being a balance of $275.21 still owing on the promissory note.

Defendant-appellant did not pay the installment of the purchase price which became due on December 31, 1936, nor did he pay the interest for said year, also due on said day. Neither has he paid either of the installments due to the Federal Land Bank.

Considering the purchase price due and as the term of the promissory note for $460 had expired, plaintiff filed her bill of complaint in this case on April 29, 1937, to collect said liens.

Defendant-appellant herein filed a demurrer and answered the bill of complaint, at the same time alleging that the mortgage which gives rise to the first cause of action was not due from a lack of payment of interest for the year ending on December, 1936, to the contrary alleging: "That plaintiff agreed with defendant to extend the collection of said accrued interest until the coffee crop of defendant which he had delivered to the Banco Cafetero, was liquidated, which has in part taken place eight days ago, the complete liquidation being still pending, and therefore defendant considers said extension has not terminated as yet."

As a special defense he alleged: That Plaintiff is estopped from demanding performance of the contract, because she has not complied with the conditions imposed upon her by the contract of sale.

In his answer to the second cause of action defendant accepted having executed and delivered the promissory note for $460 and $50 for expenses, costs and attorney's fees in case of judicial proceedings; that said promissory note was to become due on March, 1937, but he denied that he was owing plaintiff the sum of $275.21 claimed on said note, averring on the contrary that plaintiff agreed to receive and received as a credit to said note, fruits, specially oranges, that the defendant delivered at different times for value of $31.15.

That the promissory note or the part thereof which he owes is not due because plaintiff and defendant agreed to defer and did defer the collection of the balance of said promissory note until defendant was paid for a coffee crop which he had already delivered to the Banco Cafetero and which had not been paid for at the time when he answered the complaint.

That he is not bound to pay the $50 stipulated in the promissory note for costs, expenses and attorney's fees because as the promissory note has not fallen due, having been deferred as aforesaid, defendant has given no grounds on which the plaintiff could proceed judicially to collect said debt.

The trial was held and on January 5, 1938, the judgment appealed from was rendered. It provides as follows:

"Therefore, the Court, after weighing the evidence presented, and for the reasons stated in the opinion attached to the record of this case, and of this judgment, decrees that the law and the facts are in favor of plaintiff and against defendant and that plaintiff should have judgment, and therefore this Court renders judgment on the bill of complaint in both causes of action in favor of plaintiff, and consequently the defendant, Enrique Valedón, is ordered to pay to plaintiff Antolina Gajero the sum of $2,514.68, plus interest at

5% per annum since November 21, 1936, and $200 agreed upon for costs and attorney's fees on the first cause of action and also $244.06, amount of the promissory note, plus $50 agreed upon for costs and attorney's fees for the second cause of action.''

On February 3, 1938, an appeal was taken from said judgment and it was not until September 24th of last year that the transcript of the evidence was filed, although it only consists of sixty-seven pages. In appellant's brief filed last December, four errors are alleged to have been committed by the lower Court, as follows:

''1. The Court did not decide the demurrer filed against the complaint although the same was argued.

''2. The Court, moved by passion, prejudice or partiality, committed error in the weighing of the evidence.

''3. The lower court erred in deciding that the plaintiff-appellee was justified in not complying with the conditions imposed upon her by the contract.

''4. The lower court erred in considering the debt due.'

 The demurrer was filed as one with the answer. It appears that by an oversight the judge considered the merits of the case without deciding the demurrer. Granting as true that a decision should have been rendered on the matter of law raised by defendant, said omission in no way prejudiced him, because from a mere reading of the bill of complaint it can be readily seen that said complaint alleges sufficient facts in both causes of action. In said two causes of action two debts, entered into by defendant in favor of plaintiff, are claimed. It is also alleged that they have become due and that defendant has not paid them. The demurrer is completely frivolous. The first error does not exist.

 We have carefully examined the transcript of the evidence and not only do we not find any passion, prejudice or partiality in the judge of the lower court, but we are fully convinced that he decided the conflict in the evidence correctly, consisting on one hand, that of plaintiff, principally in public deeds and in the promissory note admitted by defendant, and on the other hand of defendant's evidence,

which consisted of his oral testimony, which the lower court did not believe and which we do not believe either when we see from the record his own acts and tactics tending to take advantage of the manifest ignorance of plaintiff in business deals.

It appears from the evidence that when entering into the contract of sale on November, 1935, defendant got plaintiff to credit to the purchase price the amount of $661, which was the value of the crop that she had collected before passing title to the property to defendant, merely because he stated that the crop had been collected after negotiations for the sale of the property had been entered into. Later defendant got plaintiff to substitute the mortgage that she had on the 30-*cuerdas* farm by another which was executed on another farm of defendant of 18 *cuerdas* and which had a first mortgage lien for $1,000 in favor of the Hurricane Commission, and to his further advantage in the same deed he got plaintiff to reduce the capital owed in $150. He collected the crop of the property for the year 1936 and only paid plaintiff $184.79 in milk which he delivered and when finally she became convinced that the purchaser was not going to fulfill his contract and offered to rescind it gratuitously and to cancel the pending liens, he insists that appellant give him the sum of $300 and thus forces her to file this suit.

Appellant alleges that appellee did not fulfill her part of the contract since she has not paid the sum of $397.81 plus interest at 6 per cent per annum, amount of the promissory note which fell due on December 31, 1936, and which plaintiff promised to pay, but appellant forgets that in the same deed wherein this obligation was imposed upon plaintiff, in regard to same the following clause was inserted:

"If for any reason she does not pay and Mr. Valedón has to do it in her stead, he shall deduct said amount from that which he owes on this contract."

So that it was up to plaintiff to pay said lien or to allow it to be paid by defendant-appellant and for him to deduct

it from the amount owed her from the sale. There was not, therefore, any breach of contract by plaintiff and therefore the third alleged error does not exist.

■ There can be no doubt that the debt was due. Defendant bound himself, as we have seen, to pay $400 annually and also the corresponding interest, and although it was agreed upon that he could defer payment of one installment of the capital until the following year, it was expressly stipulated that notwithstanding this, interest would not be deferred and should be paid in the month of December of each year. As the interest corresponding to the year ending in December, 1936, was not paid and as it was stipulated in the deed that non-payment of one year of interest or of two installments of the capital would be sufficient cause for the vendor to consider the whole debt due, we are forced to conclude that in not paying the interest for the year 1936, the whole debt he had with plaintiff became due *ipso facto*. The promissory note speaks for itself. It was stipulated that it would fall due on March 30, 1937. It was not paid and although defendant tried to prove that plaintiff had given him an extension of time in which to pay, the lower court did not believe this and rightly, in our opinion, and therefore there is no doubt that the fourth alleged error was not committed.

Plaintiff prayed that we dismiss this appeal because she believes that same is frivolous and has been filed merely to delay these proceedings. We are entirely in accord with plaintiff-appellee and taking into consideration defendant's methods in this case, we believe we make good use of our discretion in sentencing him to pay the attorney's fees incurred in this court, which we set in the amount of $150.

Therefore, the appeal should be dismissed and defendant sentenced to pay plaintiff $150 for the attorney's fees for the proceedings had in this court.

Mr. Chief Justice Del Toro took no part in the decision of this case.